UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK W. BROWN, *Plaintiff*, v. JASON R. WILLIAMS, in his official capacity as Orleans Parish District Attorney, *Defendant*. | Civil Action No. 24-00423<br><br>Section R<br>Judge Sarah S. Vance<br><br>Division 4<br>Magistrate Judge Karen Wells Roby |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Jason R. Williams, in his official capacity as Orleans Parish District Attorney, through undersigned counsel, respectfully moves for dismissal of Plaintiff Patrick Brown's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

When a Louisiana district attorney appears in state court to prosecute a defendant for state-law crimes on behalf of the State of Louisiana, he or she is acting as a state officer, exercising powers of the State of Louisiana that are delegated by the Louisiana Constitution and by statute. Actions taken by the district attorney and his or her assistants in that capacity are therefore attributable to the State of Louisiana—not the Parish of Orleans, not the City of New Orleans, and not the "District Attorney's Office" as an independent local government entity. Mr. Brown seeks to hold the District Attorney's Office liable for alleged actions of Orleans Parish prosecutors that are attributable to the State of Louisiana. Accordingly, he has failed to state a claim against the District Attorney's Office. As explained more fully in the attached supporting memorandum, his claims must be dismissed.

Five other sections of this Court have previously rejected the same arguments presented in this motion, finding them to be foreclosed by Fifth Circuit precedent from the 1990s. Mr. Brown

will likely make this point repeatedly and argue that this Court should merely follow what other judges have done. But those decisions are of course not binding on this Court, and the District Attorney's Office respectfully urges the Court to take a careful, independent look and make its own decision. As explained in the supporting memorandum, the other decisions have not fully acknowledged the extent to which the Fifth Circuit's 2022 *en banc* decision in *Daves v. Dallas County*, 22 F.4th 522, 533 (5th Cir. 2022) (en banc), established a new legal standard that is irreconcilable with, and therefore overrules, earlier circuit precedent. Applying *Daves*, and based on the change in Fifth Circuit jurisprudence effected by *Daves*, the Fifth Circuit ruled later in 2022 that a Texas district attorney's office was not subject to a § 1983 lawsuit like this one.

    Like so many other elements of the American criminal justice system, the mission of the Orleans Parish District Attorney's Office is constrained by limited resources. The District Attorney's Office is currently forced to spend those limited resources defending an ever-increasing number of § 1983 lawsuits—many of which (like the present suit) attempt to take improper advantage of the efforts of the office's own Civil Rights Division to review decades-old convictions. The District Attorney's Office simply cannot afford to be treated differently from district attorneys in Texas and Mississippi and left alone to defend lawsuits based on prosecutions that were undertaken on behalf of the State.

Respectfully submitted,

 */s/ Matthew J. Paul*
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY REUTER THORNTON ALFORD LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*

3