UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-423** |
| **JASON R. WILLIAMS, in his official capacity as Orleans Parish District Attorney** | **SECTION: "R" (4)** |

**ORDER**

Before the Court is Plaintiff's **Motion to File First Amended Complaint (R. Doc. 17)**, seeking leave to amend his Complaint to add additional defendants, factual allegations, and legal claims. Plaintiff asserts that Defendant does not consent to the amendment, but no formal opposition was filed. R. Doc. 17.

**I.    Introduction**

This litigation arises from alleged constitutional violations that led to a wrongful conviction. R. Doc. 1. On February 19, 2024, Plaintiff Patrick Brown ("Plaintiff") filed suit against the Orleans Parish District Attorney, Jason R. Williams ("Defendant"). *Id.* at 1. Plaintiff alleged that Defendant withheld exculpatory information while prosecuting him for the rape of six-year-old child, L.B., which he did not commit. *Id.* Plaintiff alleged that in the decades following his conviction in 1999, L.B. herself sent more than one hundred (100) letters to prosecutors and court officials asserting that Plaintiff was innocent and that "the wrong man was in prison", which were all either ignored or discarded. *Id.* at 24-25.

On May 8, 2023, the Orleans Parish Criminal District Court vacated Plaintiff's conviction on the grounds that he had proven his factual innocence by clear and convincing evidence, and the District Attorney dismissed all charges against Plaintiff the same day. *Id.* at 26. By that time, Plaintiff had already spent twenty-nine (29) years, two (2) months, and seventeen (17) days in prison for a crime that he did not commit. *Id.* at 26.

Plaintiff filed the subject Motion on May 7, 2024, asserting that his legal team has uncovered documents and information that it did not previously possess, such as a complete transcript of Plaintiff's trial. R. Doc. 17. Therefore, Plaintiff requests leave to amend his Complaint to add the following additional defendants, factual allegations, and legal claims pursuant to this newly acquired information. *Id. See* R. Doc. 17-4.

Plaintiff's Amended Complaint adds four (4) defendants: (1) David Wolff, a former Orleans Parish Assistant District Attorney who is named in his individual capacity; (2) the City of New Orleans; (3) Cathey Carter, a former NOPD detective who is named in her individual capacity; and (4) Doe Handwriting NOPD Officer, whose handwriting is found on a "fill in the blank" style document NOPD used with L.B., if such handwriting is not Cathey Carter's. R. Doc. 17-4 at 1-2.

Within the Amended Complaint, Plaintiff alleges that NOPD's failure to adequately supervise, discipline, or train its officers reasonably led to wrongful convictions, and that NOPD's leadership maintained practices that promoted unconstitutional investigative techniques with deliberate indifference to the rights of suspects and criminal defendants. R. Doc. 17-4 at 16. Plaintiff's Amended Complaint also contains a detailed analysis of the testimony of Cathey Carter, Plaintiff, and Lamar Wharton, who had purportedly told L.B.'s mother during an argument that he was the one who had raped her daughter. *Id.* at 22, 24-25.

Plaintiff further alleges that NOPD failed to disclose exculpatory witnesses to Plaintiff and his legal team, which undermined Detective Carter's untrue testimony at trial that she never suspected anyone except the Plaintiff. R. Doc. 17-4 at 29. Plaintiff also alleges that NOPD utilized an unconstitutionally suggestive "fill in the blank" style document in which the officer wrote in the blanks to fabricate a letter that was supposedly from L.B. to Plaintiff falsely stating that L.B.

2

said that Plaintiff had raped her. *Id.* at 30-31. Plaintiff further contends that OPDA used a form that, although labeled as a "subpoena", had no judicial approval and yet notified six-year-old L.B. to appear to testify. *Id.* at 31-32. Plaintiff alleges that this fraudulent and coercive process contributed to L.B.'s extreme fear during the trail, which left her so terrified to take the stand that she began spontaneously bleeding. *Id.*

Finally, Plaintiff's Amended Complaint adds five (5) legal claims: (1) a *Monell* claims against David Wolff; (2) a *Monell* claim against NOPD; (3) "Constitutional Violations" against Cathey Carter and/or Doe Handwriting NOPD Officer; (4) negligence and abuse of process claims against David Wolff, Cathey Carter, and Doe NOPD Handwriting Officer; and (5) vicarious liability claims against Defendant and the City of New Orleans. R. Doc. 17-4 at 38-42.

Plaintiff asserts that there is no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or any other reason to deny the Motion to Amend. R. Doc. 17. In support, Plaintiff asserts that his proposed amendments do not alter the principal issue in this case, which he alleges is "the unlawful workings of the Orleans criminal punishment system to arrest and convict him for a crime he did not commit." R. Doc. 17-1 at 2. Plaintiff asserts that the litigation began only a few months ago in February 2024, meaning that no trial date has been set and substantial discovery has not yet occurred. *Id.* Plaintiff further asserts that Defendant has not filed an Answer, and that Defendant's pending Motion to Dismiss will be formally mooted but may be re-urged. *Id. Citing* R. Doc. 11.

Defendant has not filed a formal Opposition responding to Plaintiff's Motion to Amend.

**II.**    **Standard of Review**

Federal Rules of Civil Procedure Rule 15(a) governs amendments of pleadings prior to trial. Under Rule 15(a), if a party seeks to amend its pleading for the first time prior to trial later

than twenty-one days from service or twenty-one days from the earlier of service of a required responsive pleading or Rule 12(b), (e), or (f), the party "may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). However, the rule is clear that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Federal jurisprudence provides that this liberal approach demonstrates a clear bias in favor of granting leave to amend absent a "substantial reason", considering five factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *See Young v. XG Sec. Serv., LLC*, No. 17-4749, 2017 U.S. Dist. LEXIS 186773 (E.D. La. Nov. 9, 2017). *See also G.K. v. D.M.*, No. 21-2242, 2022 U.S. Dist. LEXIS 241085 (E.D. La. Aug. 3, 2022). *See also Smith v. EMC Corp.*, 393 F.3d 590 (5th Cir. 2004).

In this context an amendment is "futile" where it would be dismissed under a Motion pursuant to Rule 12(b)(6), meaning that the plaintiff has failed to state a claim upon which relief can be granted. *Young*, 17-4749 *5 (E.D. La. Nov. 9, 2017). In essence, the Court must determine whether the movant has pled sufficient factual content to state facially plausible claim, and futility does not provide sufficient grounds to deny leave to amend where viability of a claim is at least facially possible. *Id*.

**III.** <u>Analysis</u>

Plaintiff contends that his legal team has obtained documents and information that it did not previously possess, such as a complete transcript of Plaintiff's trial. R. Doc. 17. Pursuant to this new information, Plaintiff seeks leave to amend his Complaint to add additional defendants, factual allegations, and legal claims. *Id.* More specifically, Plaintiff's Amended Complaint sets forth factual allegations regarding NOPD's alleged pattern of misconduct, the testimony heard at

Plaintiff's trial, NOPD's alleged withholding of *Brady* materials and fabrication of false evidence, and OPDA's alleged "fake subpoenas" used to elicit L.B.'s interview. R. Doc. 17-4 at 13-17, 24-25, 28-32.

Plaintiff asserts that Defendant does not consent to the filing of the proposed Amended Complaint R. Doc. 17. A Scheduling Order has not been issued in this matter, but the Defendant's Motion to Dismiss was filed on April 4, 2024. R. Doc. 11.

The Fifth Circuit has made clear that Rule 16 only governs amendment of pleadings *after* a Scheduling Order has been issued. *See S & W Enter., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (finding that Rule 16 governs the amendment of pleadings after a scheduling order deadline has expired) (emphasis added). Because the Court has not yet issued a Scheduling Order in this matter, Plaintiff's request is governed by Rule 15 rather than the more stringent "good cause" requirements of Rule 16. *See Williams v. Tregre, et al*, No. 23-1095, 2024 WL 2187920 (E.D. La. May 15, 2024) (Currault, D.) (granting plaintiff's motion to amend complaint and finding that the request, which was filed before a Scheduling Order had been issue, was governed by Rule 15).

Federal jurisprudence provides that the liberal approach under Rule 15 demonstrates a clear bias in favor of granting leave to amend absent a "substantial reason", considering five (5) factors: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Young*, 17-4749 *5 (E.D. La. Nov. 9, 2017).

Plaintiff asserts that there is no undue delay the case has only begun a few months ago in April 2024, meaning that no trial date has been set and substantial discovery has not yet occurred. R. Doc. 17-1 at 2. Plaintiff further asserts that Defendant has not filed an Answer, and that

5

Defendant's pending Motion to Dismiss will be formally mooted but may be re-urged. *Id.* Citing R. Doc. 11. Plaintiff further asserts that there is no bad faith or dilatory motive in bringing the present Motion, nor any repeated failure to cure deficiencies or any other reason to deny the Motion. R. Doc. 17.

In *Williams v. Tregre*, the Court addressed a similar request to amend a Complaint where no Scheduling Order has been issued and no opposition had been filed. No. 23-1095 at *1-2. In *Williams*, the plaintiffs had filed a personal injury suit alleging § 1983 violations and sought to amend their Complaint to add a defendant's insurer as a defendant and "clarify and supplement their allegations against the Defendants." *Id.* at *1. The Court found that this request was governed by Rule 15, and found that "[i]n the absence of any filed opposition memoranda to Plaintiffs' motion and given the early stage of this case, there is no "substantial reason" to deny Plaintiffs' request for leave to amend under Rule 15(a)." *Id.* at *2.

The Court finds that there is similarly no "substantial reason" to deny Plaintiff's Motion in the present case. At this early stage of this litigation, Plaintiff's Motion does not present undue delay or dilatory motive. *Young*, 17-4749 *5 (E.D. La. Nov. 9, 2017). Given that this is Plaintiff's first request to amend, there has been no repeated failure to cure deficiencies by previous amendments. *Id.* The Court further finds that there is no indication of bad faith or undue prejudice to Defendant. *Id.* Finally, the Court finds that Plaintiff's proposed amendments are not futile, because they plead claims that are at least facially plausible and provide additional facts regarding his allegations against David Wolff, the City of New Orleans, Cathey Carter, and the NOPD Officer whose handwriting appears on the alleged fabricated evidence in this matter. R. Doc. 17-4 at 1-2.

Therefore, the Court grants Plaintiff's request for leave to amend his Complaint.

**IV.**     <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to File First Amended Complaint (R. Doc. 17)** is **GRANTED.**

New Orleans, Louisiana, this 24<u>th</u> day of May 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**