**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PATRICK BROWN | * | CIVIL ACTION |
| | * | NO. 24-cv-00423 |
| | * | |
| VERSUS | * | JUDGE SARAH S. VANCE |
| | * | |
| JASON R. WILLIAMS, *ET AL.* | * | MAGISTRATE JUDGE |
| | * | KAREN WELLS ROBY |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Cathey Carter ("Defendant" or "Carter") respectfully submits this memorandum in support of her motion to dismiss all claims against her for failure to state a claim for which relief may be granted. The First Amended Complaint filed by Plaintiff Patrick Brown fails to allege sufficient facts to support any theory of liability against Carter. Ms. Carter is entitled to qualified immunity from suit arising from her conduct as a police officer, and she is absolutely immune from liability for her testimony at Plaintiff's criminal trial. Simply put, Carter is not liable for Plaintiff's wrongful conviction in 1994. She is not legally responsible for any alleged failure by the prosecution to disclose favorable evidence to Plaintiff or his attorney. Furthermore, Plaintiff cannot state a claim for fabrication of evidence through the use of a suggestive identification procedure because the resulting evidence was not used at trial. For these reasons, as more fully set forth below, Carter's motion should be granted, and all claims against her should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

This case generally concerns the 1994 prosecution and conviction of Plaintiff Patrick Brown for the rape of a 6 year-old girl, identified as "L.B." in the Complaint and First Amended Complaint. *See generally*, R. Doc. 1; R. Doc. 20 (hereinafter, "Amended Complaint"). Plaintiff alleges that he was exonerated of this crime on May 8, 2023. Plaintiff filed the original Complaint in this matter on February 19, 2024, naming only Jason Williams, in his official capacity as the Orleans Parish District Attorney, as a defendant. R. Doc. 1, p. 1. On May 24, 2024, Plaintiff filed the Amended Complaint, which named additional defendants, including Cathey Carter. R. Doc. 20, pp. 1-2.

In the Amended Complaint, Plaintiff alleges that in 1994 Ms. Carter was a detective with the New Orleans Police Department ("NOPD"), who investigated the rape of L.B. *See*, R. Doc. 20, ¶¶ 6, 91-99. More specifically, Plaintiff alleges that on February 21, 1994 Ms. Carter was alerted to the crime by doctors, who had examined L.B. and determined that L.B. had been raped. *Id*. at ¶¶ 91-93. According to the Amended Complaint, the doctors further informed Ms. Carter that L.B. identified "daddy Patrick" as the perpetrator. *Id*. at ¶ 92. Plaintiff alleges that Ms. Carter interviewed L.B. at the hospital and took statements from L.B.'s mother, Cathy,[1] and Plaintiff, who was in a romantic relationship with L.B.'s mother and lived with both L.B. and L.B.'s mother. R. Doc. 20, ¶¶ 78, 93-98. Plaintiff alleges that he was arrested the same day, February 21, 1994, for aggravated rape. *Id*. at ¶ 99.

The Amended Complaint further alleges that "according to the District Attorney's files, NOPD Detective Carter sent L.B.'s grandfather and [L.B.'s cousin, Lamar] Wharton to the 'Delgado City Clinic' for STD testing." R. Doc. 20, ¶ 108. The Amended Complaint does not

---

[1] The Amended Complaint does not state the last name of L.B.'s mother.

2

allege when Ms. Carter allegedly sent these individuals for testing. Additionally, Plaintiff alleges that, on an unspecified date, "[t]he NOPD Defendants also used an unconstitutionally suggestive fill-in-the-blanks, 'Mad-Libs'-style form with six-year-old L.B." *Id.* at ¶ 189. Notably, the Amended Complaint does not allege that any testimony or other evidence of an identification by L.B. was introduced at Brown's criminal trial. *See id.* at ¶¶ 100-208.

Regarding his criminal prosecution and trial, Plaintiff alleges that prosecutors had, but withheld, exculpatory evidence from the defense. *See* R. Doc. 20, ¶¶ 100-83. Plaintiff further alleges that "NOPD Defendants" knew about the same exculpatory evidence and failed to disclose it to Plaintiff or his defense attorneys. *Id.* at ¶¶ 184-86, 188. Finally, Plaintiff alleges that Ms. Carter "testified at trial that she never suspected anyone besides Patrick Brown, but that was untrue." *Id.* at ¶ 187.

As to the theories of liability, Plaintiff alleges (1) that Ms. Carter is liable under 42 U.S.C. § 1983 for violating Plaintiff's rights under the U.S. Constitution and that she is liable under state law for (2) violating Plaintiff's rights under the Louisiana Constitution and for (3) general negligence. *See* R. Doc. 20, ¶¶ 272-284. Regarding his federal claims, Plaintiff specifically alleges as follows:

> Defendant Detective Carter and/or Doe Handwriting NOPD Officer violated the Constitution by:
>
> i. The use of improper and suggestive identification procedures;
>
> ii. By fabricating evidence such as the handwriting that Brown "raped me"; and
>
> iii. By failing to disclose *Brady/Giglio* or otherwise favorable material.

*Id.* at ¶ 272. Plaintiff also claims this same conduct violated Plaintiff's rights under the Louisiana Constitution. *Id.* at ¶¶ 273-276. Regarding the state law negligence theory, Plaintiff alleges that "Detective Carter failed to take due care, and instead were negligent and/or grossly negligent, in

3

their use of an improperly suggestive identification process, fabrication of evidence, and failure to disclose Brady material." *Id*. at ¶¶ 280.

Defendant Cathey Carter now moves to dismiss all of the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LAW AND ARGUMENT

### I.      Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to file a motion to dismiss based on a plaintiff's "failure to state a claim upon which relief can be granted." When evaluating the motion, a court should accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Reyes v. Bridgewater*, 362 Fed. Appx. 403, 411 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 51 F. 3d 512, 514 (5th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, each element of Plaintiff's causes of action against Ms. Carter must be supported by factual allegations that state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The U.S. Supreme Court has explained that Rule 8(a)(2) requires a pleading to present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, courts should not "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, allegations against groups of individuals are insufficient because "the Federal Rules of Civil Procedure entitle 'each defendant to know what he or she did that is asserted to be wrongful.'" *Cain v. City of New Orleans*, No. 15-4417, 2016 WL 2849478, *5 (E.D. La. 5/13/16) (internal ellipsis omitted) (quoting *Bank of Am., N.A. v. Knight*, 725 F. 3d 815, 818 (7th Cir. 2013)).

Because Defendant is entitled to qualified immunity from suits arising from actions in her capacity as a police officer, Plaintiff "must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 14 F.3d 439, 443 (5th Cir. 1999)).

## II. Plaintiff fails to state a claim against Cathey Carter under Section 1983.

### A. Carter is entitled to qualified immunity from suit.

Cathey Carter expressly asserts qualified immunity as a defense to the claims against her. Qualified immunity protects governmental officials from individual liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). Under the doctrine of qualified immunity, government officials are shielded from civil liability "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichel v. Howards,* 132 S.Ct. 2088, 2093 (2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2080 (2011)). In essence, qualified immunity is an immunity from suit, extending beyond a defense to liability to include all aspects of civil litigation, including discovery. See *Heitschmidt v. City of Houston et. al*, 161 F.3d 834, 840 (5th Cir. 1998). Moreover, qualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law'." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).).

In the Fifth Circuit, to survive a motion to dismiss a Section 1983 claim against an individual, Plaintiff must allege the facts that form the basis of his claim with particularity. *See Wicks v. Miss. State Emp't Sers.*, 41 F.3d 991, 994-95 (5th Cir. 1995). Furthermore, in addressing qualified immunity, "each individual defendant's entitlement to qualified immunity [should be examined] separately." *See Jacobs v. West Feliciana Sheriff's Dept.*, 228 F. 3d 388, 395 (5th Cir.

5

2000). None of the claims against Ms. Carter are sufficient to defeat qualified immunity.

### B. The allegations against Carter do not support a *Brady* claim.

Plaintiff has not stated a cognizable claim against Ms. Carter for withholding exculpatory evidence in violation of *Brady v. Maryland*. While *Brady* imposes a duty on prosecutors to share exculpatory evidence with the defense, it generally does not extend to police officers. *Dilosa v. City of Kenner*, CIV.A. 03-0310, 2004 WL 2984342, at *21(E.D. La. Dec. 16, 2004) (citing *Mowbray v. Cameron County, Tx*, 274 F. 3d 269, 278 (5th Cir. 2001). For a police officer to violate an individual's *Brady* rights, the officer must intentionally, or in bad faith, withhold *Brady* material from all parties, including the prosecution. *Dilosa*, 2004 WL 2984342 at *21 (citing *Villsana v. Wilhoit,* 368 F.3d 976, 980 (8th Cir. 2004); see also *Mowbray*, 274 F.3d at 278 n.5 (declining to extend Brady to officials other than prosecutors because plaintiff did not allege that the officials elicited false evidence or deliberately concealed exculpatory evidence from all parties, including the prosecution); *cf. Geter. Fortenberry*, 849 F. 2d 1550, 1559 (5th Cir. 1988) (finding that qualified immunity would be defeated if a police officer procured false identification by unlawful means or deliberately concealed exculpatory evidence in context where prosecutors were subject to same allegations).

Plaintiff's Amended Complaint clearly alleges that the prosecution possessed or knew about all of the *Brady* material that Ms. Carter allegedly withheld. *See* R. Doc. 20, ¶¶ 106, 108, 120, 121 (describing allegedly exculpatory information as "According to the District Attorney's files"), ¶¶ 116, 119, 123 (describing other information that prosecutors knew or were aware of). Indeed, the Amended Complaint does not allege that Ms. Carter knew of or possessed any *Brady* material that was also not known to or possessed by the prosecution. Accordingly, Plaintiff fails to state a claim against Ms. Carter for violating Plaintiff's *Brady* rights, *i.e.*, withholding

exculpatory information or evidence from all parties, including the prosecution.

### C. Plaintiff fails to allege Carter "fabricated" any evidence that was used against Plaintiff.

The Amended Complaint also does not state a cognizable claim against Ms. Carter for fabricating evidence. First, Plaintiff's allegation that Carter used "suggestive identification procedures" is a claim for fabrication of evidence. *See Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir. 1988); *Good v. Curtis*, 601 F.3d 393, 398-99 (5th Cir. 2010). Indeed, all of Plaintiff's allegations about Ms. Carter with respect to fabrication of evidence, including suggestive identification procedures, concern the "'Mad-Libs'-style form" allegedly filled out by L.B.. *See* R. Doc. 20, ¶¶ 189-198.

While Plaintiff alleges that Carter may have been involved with this form in some way, Plaintiff has not alleged that the form itself, or the fact that L.B. identified Plaintiff as the perpetrator, were presented to the trier of fact during Plaintiff's criminal trial. Since the allegedly fabricated evidence was not used at trial, Carter's alleged conduct could not have caused Plaintiff to be wrongfully convicted. Absent this crucial element, Plaintiff fails to state a Section 1983 claim against Ms. Carter for fabrication of evidence. *See Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (Plaintiff's claim that defendant "intentionally secured a false identification that produced a wrongful conviction" was sufficient to defeat qualified immunity); *see also Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) ("To rise to the level of a constitutional violation, a plaintiff must assert a causal connection between the fabrication of evidence and the deprivation of liberty"). In other words, Ms. Carter cannot be liable to Plaintiff for fabricating evidence because the allegedly fabricated evidence was not used to procure Plaintiff's criminal conviction.

### D. Carter is absolutely immune from liability for her testimony at Plaintiff's trial.

Plaintiff also alleges that, at his criminal trial, Ms. Carter falsely testified that she "'never had any other suspects" besides [Plaintiff]." R. Doc. 20, ¶ 134. However, Ms. Carter's testimony is protected by absolute immunity. "A witness in a criminal trial, even a police officer, is entitled to absolute immunity for their testimony." *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983); *see also Geter v. Fortenberry*, 849 F.2d 1550, 1558 (5th Cir. 1988) (absolute immunity for witnesses "does not disappear if the witness is a law enforcement official"). Accordingly, Plaintiff cannot state a claim for relief against Ms. Carter based upon any of Carter's testimony at Plaintiff's criminal trial.

### III. Plaintiff fails to state a claim against Cathey Carter under Louisiana law.

#### A. The state Constitutional claims fail for the same reasons as the Section 1983 claims.

Because Plaintiff fails to state a claim against Carter for violations of the U.S. Constitution, his state constitutional claims necessarily fail as well. Plaintiff's Amended Complaint acknowledges that "[t]he same conduct that violated Brown's federal constitutional rights also violated the rights that the Louisiana Constitution guarantees to Brown." R. Doc. 20, ¶ 275. As with Plaintiff's Section 1983 claims, Ms. Carter is protected by qualified immunity. *See Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1094 (La. 1990). Plaintiff does not specify any differences between the state constitutional rights and the federal constitutional rights that Ms. Carter allegedly violated. Therefore, Plaintiff fails to state a claim for violation of his rights under the Louisiana Constitution for all of the same reasons he fails to state a claim under Section 1983.

#### B. The negligence claim fails as a matter of law.

Plaintiff's Amended Complaint fails to state a negligence claim against Ms. Carter for

8

multiple reasons. First, Carter had no legal duty to disclose *Brady* material directly to the defense. Plaintiff admits that prosecutors were in possession of all of the allegedly exculpatory information known to Ms. Carter. Given that federal constitutional law required the prosecution to disclose all such information and evidence to the defense, Carter could not have had any separate duty to disclose the same information and evidence. Indeed, the Louisiana Supreme Court has stated that "an 'individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police.'" *State v. Ballard*, 2020-0617 (La. App. 4 Cir. 7/21/21), 325 So. 3d 450, 475 (quoting *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). Under both state and federal law, Ms. Carter had no duty to disclose favorable evidence directly to Plaintiff.

Additionally, Plaintiff has failed to allege that any purportedly suggestive identification process or other "fabrication" of evidence caused Plaintiff to be wrongfully convicted. Causation of damages is an essential element of any negligence claim. Indeed, the Amended Complaint does not allege that any evidence of an identification by L.B. was introduced at trial. As such, Plaintiff has not alleged any fact which establishes that the purported fabrication of evidence by Carter contributed in any way to Plaintiff's criminal conviction. All of the claims against Cathey Carter are unsupported by factual allegations in the Amended Complaint.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's allegations against Cathey Carter fail to state a plausible claim for relief under state or federal law. Accordingly, Defendant prays that this Honorable court grant her motion and dismiss all claims against Defendant Cathey Carter with prejudice, at Plaintiff's cost.

Respectfully submitted,

/*s*/  William R.H. Goforth
**WILLIAM R.H. GOFORTH, LSB #33153**
DEPUTY CITY ATTORNEY
**MAX V. CAMP, LSB #34903**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 Perdido Street, Room 5E3
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868
E-mail: wrgoforth@nola.gov
E-mail: mvcamp@nola.gov

*Counsel for Defendant Cathey Carter*