UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK W. BROWN                                   CIVIL ACTION

VERSUS                                                      NO. 24-423

JASON R. WILLIAMS, ET AL.                   SECTION "R" (4)

## ORDER AND REASONS

Before the Court is the opposed[1] Rule 12(b)(6) motion to dismiss[2] of Jason Williams, in his official capacity as Orleans Parish District Attorney. For the following reasons, the Court denies Williams's motion.

## I.    BACKGROUND

This case arises out of the now vacated conviction of Patrick Brown by the Orleans Parish District Attorney ("OPDA") for the aggravated rape of a minor.  Brown sues the OPDA under 42 U.S.C. § 1983 asserting that the OPDA is liable for his wrongful conviction and imprisonment based on its unconstitutional policies, practices, and customs regarding the disclosure of exculpatory or favorable evidence to criminal defendants under *Brady v.*

---

[1]      R. Doc. 18.
[2]      R. Doc. 11.

*Maryland.* 373 U.S. 83 (1963).[3] Williams now moves to dismiss Brown's complaint, arguing that prosecutors acted for the State of Louisiana, not a municipal entity, when establishing the office's *Brady* policies, and therefore he cannot be found liable under Section 1983.[4]

The Court considers Williams's motion below.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

---

[3]    R. Doc. 20 ¶¶ 196-199.
[4]    R. Doc. 11.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v.*

3

*Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III.  DISCUSSION

Section 1983 authorizes suits for damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Courts consider municipalities and other local government units to be "persons" for the purposes of Section 1983, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 54 (1978), but not "a State nor its officials," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).  Plaintiffs therefore may sue "those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the

4

action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

Brown argues that the OPDA is liable for its *Brady* policies, which led to prosecutors' alleged failure to disclose exculpatory evidence in his case.[5] In response, Williams contends that the Court must attribute the promulgation of the *Brady* policies not to the OPDA, but to the State of Louisiana, which cannot be held liable under Section 1983.[6]

To determine which government entity is liable for the promulgation of a policy, courts must "ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue," based on "the actual function of [the] government official" defined "under relevant state law." *McMillian v. Monroe County*, 520 U.S. 781, 784 (1997). The Fifth Circuit has already answered the question at issue and held that a Louisiana district attorney acts on behalf of his office as a local governmental entity, not the State of Louisiana, when failing to enact constitutionally sufficient *Brady* policies. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999).

---

[5]    R. Doc. 20 ¶¶ 169-179, 247-260.
[6]    *See* R. Doc. 11.

In *Burge*, the Fifth Circuit outlined the analysis set forth in *McMillian* and performed an "analysis of state law" to determine whether the St. Tammany Parish District Attorney was a "policymaker[] for the local government" or the state with respect to the disclosure of exculpatory evidence. 187 F.3d at 468 (citing *McMillian* at 784). The court considered provisions of the Louisiana Constitution now cited by Williams[7] that state "that a district attorney has charge of every criminal prosecution by the State in his district, and is the representative of the State before, and legal advisor to, the grand jury." *Id.* at 469 (citing La. Const. art. 5, § 26). It also looked to Louisiana statutes describing the powers and duties of a district attorney, as well as case law on the liability of a local governmental entity for the torts of its employees. *Id.* at 469-70. Additionally, the court considered that the district attorney is an autonomous local governmental official and not entitled to Eleventh Amendment immunity. *Id.* at 469. The Fifth Circuit concluded that "in a suit against a district attorney in his official capacity under § 1983 for constitutional torts caused by the district attorney's policies regarding the acquisition, security, and disclosure of *Brady* material, a victory for the plaintiff imposes liability on the district attorney's office as an independent local entity." *Id.* at 470. This precedent controls here.

---

[7]    R. Doc. 11-1 at 10.

Williams argues that the Fifth Circuit's *en banc* decision in *Daves v. Dallas County*, 22 F.4th 522, 532 (5th Cir. 2002), overrules *Burge*, and that *Daves* and the Fifth Circuit's decision in *Arnone v. Dallas County*, 29 F.4th 262, 266 (5th Cir. 2022), indicate that the OPDA was acting for the state with respect to the adoption of its *Brady* policies.  He argues that these cases rejected the application of factors such as Eleventh Amendment immunity, vicarious liability, and the autonomy of the office that were considered in *Burge*. [8]  *See Daves*, 22 F.4th at 540-41; *Arnone*, 29 F.4th at 269-70.  But neither *Daves* nor *Arnone* purports to overturn *Burge*, and "[a]n 'en banc' decision cannot overturn a binding published panel decision unless it does so clearly."  *United States v. Lamartiniere*, 100 F. 4th 625, 640 (5th Cir. 2024) (quoting *United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020).  Although Williams asserts that these decisions have "undermined" *Burge* so that it is no longer controls,[9]  this Court cannot refuse to follow binding Fifth Circuit precedent on the grounds that another case "abrogated" or "implicitly overruled it."  *In re Bonvillian Marine Serv. Inc.*, 19 F.4th 787, 789 (5th Cir. 2021) (holding that a district court correctly considered itself bound by a Fifth Circuit precedent, despite an intervening change in the law).

---

[8]    R. Doc. 11-1 at 19.

[9]    *Id*. at 16-17.

Moreover, *Burge*, *Daves*, and *Arnone* all purport to conduct the same *McMillian* analysis of state law.  *See Arnone*, 29 F.4th at 267 (noting that the *Daves* opinion "clarifies how to attribute a policymaker's actions under *McMillian*").  *Daves* and *Arnone* did not create a new analysis.  Further, *Daves* and *Arnone* inquired into substantively different policies and state laws than those at issue in *Burge*.  In *Daves*, an *en banc* Fifth Circuit held that Dallas County district and county judges acted on behalf of Texas, not Dallas County, when they set bail schedules.  22 F.4th at 540-41.  Likewise, in *Arnone*, a Fifth Circuit panel held that Texas district attorneys acted on behalf of the state when they set policies regarding when to seek revocation of probation or deferred adjudication.  29 F.4th at 269-70.  Neither ruling examined policies involving the acquisition, security, and disclosure of *Brady* materials, as considered in *Burge*.  Moreover, *McMillian* made clear that the relevant analysis is state law specific.  *See McMillian*, 520 U.S. at 782 ("[T]he question is . . . whom [officials] represent in a *particular area or on a particular issue* . . . [which] is dependent on the definition of the official's function under *relevant state law*." (emphasis added)).  As neither

8

ruling addressed what Louisiana law provides with respect to district attorneys making *Brady* policies, they do not require rejection of *Burge*.[10]

As six other sections of the Eastern District of Louisiana have already held, neither *Daves* nor *Arnone* abrogates the Fifth Circuit's decision in *Burge* on the attribution of a Louisiana district attorney's *Brady* policies. *See Dent v. Williams*, No. 23-3104, 2024 WL 4188521, at *4-5 (E.D. La. Sept. 13, 2024) (Long, J.); *Williams v. Williams*, No. 23-1922, 2023 WL 6160990, at *2-4 (E.D. La. Sept. 21, 2023) (Africk, J.); *Jones v. Williams*, No. 22-5097, 2023 WL 3211865, at *3-4 (E.D. La. May 2, 2023) (Ashe, J.); *Reeder v. Williams*, No. 22-4614, 2023 WL 2771481, at *2-3 (E.D. La. Apr. 4, 2023) (Zainey, J.); *Floyd v. Dillman*, 659 F. Supp. 3d 724, 728-29 (E.D. La. 2023) (Milazzo, J.); *Smith v. Williams*, No. 22-1550, 2023 WL 2263841, at *6-10 (E.D. La. Feb. 28, 2023) (Brown, C.J.). The *Brady* policies underlying Brown's Section 1983 claim are attributable to the OPDA "as an independent local entity," 187 F.3d at 470, not to the State of Louisiana. The Court therefore denies Williams's 12(b)(6) motion to dismiss.

---

[10]   Indeed, in a recent, unpublished decision of the Fifth Circuit, the panel cited the decision in *Burge* with approval for the proposition that "'[f]or purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.'" *Kimble v. Jefferson Par. Sheriff's Off.*, 2023 WL 1793876, at *3 (5th Cir. Feb. 7 2023) (quoting *Burge*, 187 F.3d at 470).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Williams's motion to dismiss.

New Orleans, Louisiana, this   28th   day of October, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE