**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| PATRICK W. BROWN, | Civil Action No. 24-00423 |
| *Plaintiff*, | |
| | Section R |
| v. | Judge Sarah S. Vance |
| | |
| JASON R. WILLIAMS, in his official capacity as Orleans Parish District Attorney, | Division 4 Magistrate Judge Karen Wells Roby |
| *Defendant*. | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), through undersigned counsel, hereby pleads his answer and affirmative defenses to the First Amended Complaint filed by Plaintiff Patrick Brown, Doc. No. 20, as follows:

### ANSWER

1.      Paragraph 1 contains no allegations requiring a response.

2.      The allegations of Paragraph 2 are denied for lack of knowledge or information sufficient to form a belief about their truth.

3.      It is admitted that Jason R. Williams is the Orleans Parish District Attorney and that Harry F. Connick, Sr., previously served as Orleans Parish District Attorney. It is further admitted that Mr. Williams is sued in his official capacity. The allegations concerning Mr. Williams's personal citizenship are denied as irrelevant.

4.      The allegations of Paragraph 4 are admitted.

5.      It is admitted that the City of New Orleans is a political subdivision of the State of Louisiana. The allegations of Paragraph 5 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

6.      The allegations of Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief about their truth.

7.      The allegations of Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief about their truth.

8.      It is admitted that the Court has subject-matter jurisdiction over this action. The allegations of Paragraph 8 are otherwise denied.

9.      The allegations of Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief about their truth.

10.     It is admitted that OPDA does not contest personal jurisdiction in this matter. The allegations of Paragraph 10 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

11.     It is admitted that venue is proper in this Court. The allegations of Paragraph 11 are otherwise denied.

12.     The allegations of Paragraph 12 are denied for lack of knowledge or information sufficient to form a belief about their truth.

13.     The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief about their truth.

14.     The allegations of Paragraph 14 are denied for lack of knowledge or information sufficient to form a belief about their truth.

15.     The allegations of Paragraph 15 are denied.

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are denied for lack of knowledge or information sufficient to form a belief about their truth.

18.     The allegations of Paragraph 18 are denied for lack of knowledge or information sufficient to form a belief about their truth.

19.     The allegations of Paragraph 19 are denied.

20.     The allegations of Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are denied.

23.     It is admitted that the allegations of Paragraph 23 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 23 is therefore denied.

24.     It is admitted that the allegations of Paragraph 24 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 24 is therefore denied.

25.     It is admitted that the allegations of Paragraph 25 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 25 is therefore denied.

26.     It is admitted that the allegations of Paragraph 26 are a partially correct, yet incomplete, statement of the law concerning the constitutional disclosure obligations of prosecutors. Paragraph 26 is therefore denied.

27.     The allegations of Paragraph 27 are too vague to permit a response and are therefore denied.

28.     The allegations of Paragraph 28 are too vague to permit a response and are therefore denied.

29.     The allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are too vague to permit a response and are therefore denied.

35.     The allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied.

37.     The allegations of Paragraph 37 are denied.

38.     The allegations of Paragraph 38 are denied.

39.     The allegations of Paragraph 39 are denied.

40.     The allegations of Paragraph 40 are denied for lack of knowledge or information sufficient to form a belief about their truth.

41.     The allegations of Paragraph 41 are denied.

42.     It is admitted that court decisions involving *Brady* issues, including reversals of cases prosecuted in Orleans Parish, were in fact used to train prosecutors on their *Brady* obligations and ensure that *Brady* violations did not occur in future cases. The allegations of Paragraph 42 are otherwise denied.

43.     It is admitted that, in a January 12, 1998 letter to Judge Calvin Johnson, District Attorney Harry Connick wrote: "Without getting into a lengthy legal discussion of <u>Brady</u> let me say that what sometimes is or is not <u>Brady</u> is not etched in large black letters on a field of white. What some judges, or courts, consider to be <u>Brady</u> is sometimes ridiculous to the extreme. The United States Supreme Court, as you are aware, is unable to reach a unanimous opinion in this

regard. The issue is not one that lends itself to quick and unanimous opinion." The allegations of Paragraph 43 are otherwise denied.

44.    The allegations of Paragraph 44 are denied.

45.    The allegations of Paragraph 45 are denied.

46.    The allegations of Paragraph 46 are denied.

47.    The allegations of Paragraph 47 are denied.

48.    The allegations of Paragraph 48 are denied.

49.    The allegations of Paragraph 49 are denied.

50.    The allegations of Paragraph 50 are denied.

51.    The allegations of Paragraph 51 are denied.

52.    The allegations of Paragraph 52 are denied for lack of knowledge or information sufficient to form a belief about their truth.

53.    The allegations of Paragraph 53 are denied for lack of knowledge or information sufficient to form a belief about their truth.

54.    The allegations of Paragraph 54 are denied for lack of knowledge or information sufficient to form a belief about their truth.

55.    The allegations of Paragraph 55 are denied.

56.    The allegations of Paragraph 56 are denied for lack of knowledge or information sufficient to form a belief about their truth.

57.    The allegations of Paragraph 57 are denied for lack of knowledge or information sufficient to form a belief about their truth.

58.    The allegations of Paragraph 58 are denied for lack of knowledge or information sufficient to form a belief about their truth.

59.    The allegations of Paragraph 59 are denied for lack of knowledge or information sufficient to form a belief about their truth.

60.    The allegations of Paragraph 60 are denied for lack of knowledge or information sufficient to form a belief about their truth.

61.    The allegations of Paragraph 61 are denied for lack of knowledge or information sufficient to form a belief about their truth.

62.    The allegations of Paragraph 62 are denied for lack of knowledge or information sufficient to form a belief about their truth.

63.    The allegations of Paragraph 63 are denied for lack of knowledge or information sufficient to form a belief about their truth.

64.    The allegations of Paragraph 64 are denied for lack of knowledge or information sufficient to form a belief about their truth.

65.    The allegations of Paragraph 65 are denied for lack of knowledge or information sufficient to form a belief about their truth.

66.    The allegations of Paragraph 66 are denied for lack of knowledge or information sufficient to form a belief about their truth.

67.    The allegations of Paragraph 67 are denied for lack of knowledge or information sufficient to form a belief about their truth.

68.    The allegations of Paragraph 68 are denied for lack of knowledge or information sufficient to form a belief about their truth.

69.    The allegations of Paragraph 69 are denied for lack of knowledge or information sufficient to form a belief about their truth.

70.    The allegations of Paragraph 70 are denied for lack of knowledge or information sufficient to form a belief about their truth.

71.    The allegations of Paragraph 71 are denied for lack of knowledge or information sufficient to form a belief about their truth.

72.    The allegations of Paragraph 72 are denied for lack of knowledge or information sufficient to form a belief about their truth.

73.    The allegations of Paragraph 73 are denied for lack of knowledge or information sufficient to form a belief about their truth.

74.    The allegations of Paragraph 74 are denied for lack of knowledge or information sufficient to form a belief about their truth.

75.    The allegations of Paragraph 75 are denied for lack of knowledge or information sufficient to form a belief about their truth.

76.    The allegations of Paragraph 76 are denied for lack of knowledge or information sufficient to form a belief about their truth.

77.    The allegations of Paragraph 77 are denied for lack of knowledge or information sufficient to form a belief about their truth.

78.    The allegations of Paragraph 78 are denied for lack of knowledge or information sufficient to form a belief about their truth.

79.    The allegations of Paragraph 79 are denied for lack of knowledge or information sufficient to form a belief about their truth.

80.    The allegations of Paragraph 80 are denied for lack of knowledge or information sufficient to form a belief about their truth.

81.     The allegations of Paragraph 81 are denied for lack of knowledge or information sufficient to form a belief about their truth.

82.     The allegations of Paragraph 82 are denied for lack of knowledge or information sufficient to form a belief about their truth.

83.     The allegations of Paragraph 83 are denied for lack of knowledge or information sufficient to form a belief about their truth.

84.     The allegations of Paragraph 84 are denied for lack of knowledge or information sufficient to form a belief about their truth.

85.     The allegations of Paragraph 85 are denied for lack of knowledge or information sufficient to form a belief about their truth.

86.     The allegations of Paragraph 86 are denied for lack of knowledge or information sufficient to form a belief about their truth.

87.     The allegations of Paragraph 87 are denied for lack of knowledge or information sufficient to form a belief about their truth.

88.     It is admitted that, according to her medical records, L.B. stated that "my daddy Patrick stuck his penis in me down there," pointing to her genital area. The allegations of Paragraph 88 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

89.     It is admitted that, according to her medical records, L.B. exhibited acute injury to her hymen consistent with the reported sexual assault. It is further admitted that her cervical swabs tested positive for gonorrhea. The allegations of Paragraph 89 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

90.      The allegations of Paragraph 90 are denied for lack of knowledge or information sufficient to form a belief about their truth.

91.      The allegations of Paragraph 91 are denied for lack of knowledge or information sufficient to form a belief about their truth.

92.      It is admitted that, according to Det. Carter's supplemental report, Dr. Ronald Wilcox told Det. Carter that L.B. had stated to him, "Daddy Patrick stuck his penis in me down there," and pointed at her genitals. The allegations of Paragraph 92 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

93.      The allegations of Paragraph 93 are denied for lack of knowledge or information sufficient to form a belief about their truth.

94.      The allegations of Paragraph 94 are denied for lack of knowledge or information sufficient to form a belief about their truth.

95.      It is admitted that, according to Det. Carter's supplemental report, Mr. Brown waived his rights and stated to Det. Carter that "he would never do anything to [L.B.]." The allegations of Paragraph 95 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

96.      It is admitted that, according to Det. Carter's supplemental report, Mr. Brown stated to Det. Carter that "in the year of 1993 he and his girlfriend, Cathy Brock had a threesome with another female and they, (Mr. Brown & Brock) contracted gonorrhea at that time." The allegations of Paragraph 96 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

97.      It is admitted that, according to Det. Carter's supplemental report, Cathy Brock stated to Det. Carter that "she and Mr. Brown were involved in a 'threesome' in January of 1993,

and in March of 1993 she became sick, was hospitalized, and was informed that she had gonorrhea. She continued that Mr. Brown also contracted gonorrhea." The allegations of Paragraph 97 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

98.    It is admitted that, according to Det. Carter's supplemental report, Cathy Brock stated to Det. Carter that "she did not believe her daughter because she gives her boyfriend too much sex for him to rape a six year old." The allegations of Paragraph 98 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

99.    It is admitted that, according to Det. Carter's supplemental report, Patrick Brown was arrested for aggravated rape on February 21, 1994. The allegations of Paragraph 99 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

100.    The allegations of Paragraph 100 are denied for lack of knowledge or information sufficient to form a belief about their truth.

101.    The allegations of Paragraph 101 are denied for lack of knowledge or information sufficient to form a belief about their truth.

102.    The allegations of Paragraph 102 are denied for lack of knowledge or information sufficient to form a belief about their truth.

103.    The allegations of Paragraph 103 are denied for lack of knowledge or information sufficient to form a belief about their truth.

104.    The allegations of Paragraph 104 are denied for lack of knowledge or information sufficient to form a belief about their truth.

105.    The allegations of Paragraph 105 are denied.

106.    The allegations of Paragraph 106 are denied for lack of knowledge or information sufficient to form a belief about their truth.

107.    The allegations of Paragraph 107 are denied for lack of knowledge or information sufficient to form a belief about their truth.

108.    The allegations of Paragraph 108 are denied for lack of knowledge or information sufficient to form a belief about their truth.

109.    The allegations of Paragraph 109 are denied for lack of knowledge or information sufficient to form a belief about their truth.

110.    It is admitted that Lawrence Brown's test results were negative for gonorrhea. The allegations of Paragraph 110 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

111.    It is admitted that Lamar Wharton's test results were negative for gonorrhea. The allegations of Paragraph 111 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

112.    The allegations of Paragraph 112 are admitted.

113.    The allegations of Paragraph 113 are denied for lack of knowledge or information sufficient to form a belief about their truth.

114.    It is admitted that Mr. Brown's test results were positive for gonorrhea and that they stated: "Infection undetermined time." The allegations of Paragraph 114 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

115.    The allegations of Paragraph 115 are denied for lack of knowledge or information sufficient to form a belief about their truth.

116.    The allegations of Paragraph 116 are denied for lack of knowledge or information sufficient to form a belief about their truth.

117.    The allegations of Paragraph 117 are denied for lack of knowledge or information sufficient to form a belief about their truth.

118.    The allegations of Paragraph 118 are denied for lack of knowledge or information sufficient to form a belief about their truth.

119.    The allegations of Paragraph 119 are denied for lack of knowledge or information sufficient to form a belief about their truth.

120.    It is admitted that OPDA files indicate that prosecutors spoke to Lamar Wharton on April 2, 1994. The allegations of Paragraph 120 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

121.    It is admitted that OPDA files indicate that prosecutors spoke to witnesses who claimed to have observed the fight between Cathy Brock and Lamar Wharton. The allegations of Paragraph 121 are otherwise denied.

122.    The allegations of Paragraph 122 are denied for lack of knowledge or information sufficient to form a belief about their truth.

123.    The allegations of Paragraph 123 are denied for lack of knowledge or information sufficient to form a belief about their truth.

124.    The allegations of Paragraph 124 are denied.

125.    It is admitted that the image pasted below Paragraph 125 is an accurate excerpt of a portion of the Sex Crimes Charge Conference Review Sheet prepared by Mr. Wolff in connection with the screening of the aggravated rape charges against Mr. Brown. The allegations of Paragraph 125 are otherwise denied.

126.    It is denied that witness statements "corroborat[ed] Cathy's account of her fight with Wharton." The allegations of Paragraph 126 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

127.    It is admitted that the State of Louisiana, represented by Assistant District Attorneys David Wolff and Elizabeth Teel, prosecuted Mr. Brown for the aggravated rape of L.B. The allegations of Paragraph 127 are otherwise denied.

128.    It is admitted that Lamar Wharton was never charged with the rape of L.B. It is further admitted that Mr. Wharton was called as a witness at Mr. Brown's trial. The allegations of Paragraph 128 are otherwise denied.

129.    It is admitted that jury selection in Mr. Brown's trial before Judge Morris Reed in Orleans Parish Criminal District Court began on December 13, 1994. It is further admitted that, at that time, both the State and the defense were aware of the grand jury testimony of Cathy Brock and Lamar Wharton describing what was said during their fight. The allegations of Paragraph 129 are otherwise denied.

130.    The allegations of Paragraph 130 are admitted.

131.    The allegations of Paragraph 131 are admitted.

132.    The allegations of Paragraph 132 are admitted.

133.    The allegations of Paragraph 133 are denied for lack of knowledge or information sufficient to form a belief about their truth.

134.    The allegations of Paragraph 134 are denied.

135.    The allegations of Paragraph 135 are admitted.

136.    The allegations of Paragraph 136 are denied.

137.    The allegations of Paragraph 137 are admitted.

138.     It is admitted that Mr. Wolff asked Lawrence Brown: "Did the police tell you to go down to the VD Clinic?" The allegations of Paragraph 138 are otherwise denied.

139.     It is admitted that, in response to Mr. Wolff's question referenced in Paragraph 138, Lawrence Brown answered: "No. I volunteered myself and went down there." The allegations of Paragraph 139 are otherwise denied.

140.     The allegations of Paragraph 140 are admitted.

141.     It is admitted that Lamar Wharton testified that he had never molested L.B. or touched her in any improper way, and that L.B. had never accused him of touching her. The allegations of Paragraph 141 are otherwise denied.

142.     It is admitted that Lamar Wharton testified at trial: "She accused me of some things. I told her that if I was the one who had raped [L.B.], I was not going to go to jail for it." The allegations of Paragraph 142 are otherwise denied.

143.     It is admitted that, on cross-examination, referring to his prior testimony before the grand jury, Lamar Wharton testified at trial: "What I said was that if I was the one who had did it, I was not going to do any time, because Patrick was the one with gonorrhea and I wasn't." The allegations of Paragraph 143 are otherwise denied.

144.     It is admitted that the material quoted in Paragraph 144 accurately reflects a portion of Lamar Wharton's trial testimony, as stated in the transcript. The allegations of Paragraph 144 are otherwise denied.

145.     It is admitted that after Lamar Wharton testified, the State called L.B. as a witness to testify to the truth. It is further admitted that L.B. was seven years old at the time. The allegations of Paragraph 145 are otherwise denied.

146.     The allegations of Paragraph 146 are admitted.

147.    The allegations of Paragraph 147 are denied for lack of knowledge or information sufficient to form a belief about their truth.

148.    It is admitted that Judge Reed asked that L.B. be taken to the secretary's office and instructed the jury: "Sometimes witnesses become momentarily incapacitated. I certainly don't want you distracted by the nose bleed incident experienced by this witness." The allegations of Paragraph 148 are otherwise denied.

149.    The allegations of Paragraph 149 are admitted.

150.    The allegations of Paragraph 150 are denied.

151.    It is admitted that L.B. did not respond when Ms. Teel asked "Why don't you tell a lie?" and "What happens if you tell a lie?" It is further admitted that L.B. was apparently experiencing a nosebleed. The allegations of Paragraph 151 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

152.    It is admitted that, following the events referenced in Paragraph 151, Judge Reed instructed the State to call another witness. The allegations of Paragraph 152 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

153.    It is admitted that the State stated an intent to call L.B. once again to testify. It is further admitted that Judge Reed stated: "I want to be assured that she's willing to testify before I allow her to go back to the jury. Again, given that there's multiple objections made by the defense, that this has generated sympathy on the part of the alleged victim through members of the jury and it's emotionalizing the jurors, and therefore, it might very well prejudice your client. So let's be assured that we have the witness to come in and she's going to take the stand without the jury being present and the Court will ask her several questions to try to determine whether or not there's a capability and a willingness on the part of this young child to give testimony. It's not discernable.

I'm not going to allow her to go through those dramatics again in the presence of the jury for fear that it might very well prejudice the defendant." The allegations of Paragraph 153 are otherwise denied.

154.    The allegations of Paragraph 154 are denied on the ground that the term "substantively" is vague and ambiguous.

155.    The allegations of Paragraph 155 are admitted.

156.    It is denied that Cathy Brock "was sure that Brown had not raped her daughter"; to the contrary, she testified, on examination by the defense, that Patrick Brown "molested my child." It is further denied that Cathy Brock testified about her fight with Lamar Wharton when she was called by the defense.

157.    It is admitted that Cathy Brock testified before the grand jury that Lamar Wharton stated: "I may be a rock head, I may be a child molester, but if I did do the shit, your old man is going to serve the time." It is further admitted that this portion of Ms. Brock's grand jury testimony was disclosed to the defense before trial. The allegations of Paragraph 157 are otherwise denied.

158.    The allegations of Paragraph 158 are admitted.

159.    It is admitted that Ms. Teel gave the closing argument on behalf of the State and Mr. Wolff gave the rebuttal argument on behalf of the State. The allegations of Paragraph 159 are otherwise denied.

160.    The allegations of Paragraph 160 are denied.

161.    It is admitted that, in closing, Ms. Teel argued: "Lamar Warden, you saw him, I'm not going to try and defend him in any way and then obviously try to pretty him up for you, he came out as is from the back where he is doing some time on a concealed weapons charge. Lamar Warden might not be the future president of the United States but that does not mean that you can

just point the finger at him and say, oh well he could have done it and that's a reasonable doubt. Because that is not being fair to [L.B.] and that's not being fair to the other witnesses in the case. He messed up, I mean let's face it he messed up. He got in a fight with Kathy, clearly some really horrible things were thrown back and forth between the two of them and in a moment of anger to hurt Kathy he made a statement saying, he was the one, he wasn't going to jail. Well you heard Kathy, that was a long time ago, she didn't want to believe that it was him. She told you that she doesn't think it was Lamar and she doesn't think it was Lawrence. Now, let's face it, defense counsel is going to get up and they are try to have a ball with Lamar Warden but I ask you not to fall for it and I ask you to please use your common sense and reason and not to let yourselves be swayed into saying, well he is not a great character so maybe it was him because you did not see any evidence that would establish that it was him. Most importantly, he doesn't have gonorrhea." The allegations of Paragraph 161 are otherwise denied.

162.    It is admitted that, during deliberations, the jury asked Judge Reed for definitions of aggravated rape, attempted aggravated rape, forcible rape, attempted forcible rape, sexual battery, simple rape, and attempted simple rape. The allegations of Paragraph 162 are otherwise denied.

163.    The allegations of Paragraph 163 are admitted.

164.    The allegations of Paragraph 164 are admitted.

165.    The allegations of Paragraph 165 are denied for lack of knowledge or information sufficient to form a belief about their truth.

166.    It is admitted that the verdict form stated: "For a valid verdict, at least TEN (10) of TWELVE (12) jurors must agree." The allegations of Paragraph 166 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

167.    The allegations of Paragraph 167 are admitted.

168.    It is admitted that the Louisiana Fourth Circuit found the "proof sufficient to convince a rational factfinder, beyond a reasonable doubt, that Mr. Brown committed the rape of L.B., a child under age twelve," explaining: "The medical testimony established that her hymen had been damaged and enlarged by vaginal penetration, probably by a penis, and her vaginal discharge was confirmed to be a symptom of gonorrhea, which is transmitted by sexual contact. It was stipulated that a test performed one month after L.B.'s diagnosis, and approximately six weeks after the rape, established that Mr. Brown had previously been infected with the same disease. In addition, the child explicitly identified the defendant as the rapist, saying that he had 'stuck his penis in me down there' two weeks earlier, a date that was consistent with the medical findings." The allegations of Paragraph 168 are otherwise denied.

169.    The allegations of Paragraph 169 are denied.

170.    The allegations of Paragraph 170 are denied.

171.    The allegations of Paragraph 171 are denied.

172.    The allegations of Paragraph 172 are denied.

173.    The allegations of Paragraph 173 are denied.

174.    The allegations of Paragraph 174 are denied.

175.    The allegations of Paragraph 175 are denied.

176.    The allegations of Paragraph 176 are denied.

177.    The allegations of Paragraph 177 are denied.

178.    It is admitted that, at trial, the State argued that Patrick Brown had tested positive for gonorrhea whereas Lawrence Brown and Lamar Wharton had tested negative. The allegations of Paragraph 178 are otherwise denied.

179.     The allegations of Paragraph 179 are denied.

180.     The allegations of Paragraph 180 are denied for lack of knowledge or information sufficient to form a belief about their truth.

181.     The allegations of Paragraph 181 are denied.

182.     The allegations of Paragraph 182 are denied.

183.     The allegations of Paragraph 183 are denied.

184.     It is denied that any of the witnesses previously referenced in the Amended Complaint are "exculpatory." The allegations of Paragraph 184 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

185.     It is denied that any of the witnesses previously referenced in the Amended Complaint are "exculpatory." The allegations of Paragraph 185 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

186.     The allegations of Paragraph 186 are denied for lack of knowledge or information sufficient to form a belief about their truth.

187.     The allegations of Paragraph 187 are denied.

188.     The allegations of Paragraph 188 are denied on the ground that it is not clear what "information" is being referred to.

189.     The allegations of Paragraph 189 are denied for lack of knowledge or information sufficient to form a belief about their truth.

190.     The allegations of Paragraph 190 are denied for lack of knowledge or information sufficient to form a belief about their truth.

191.     The allegations of Paragraph 191 are denied for lack of knowledge or information sufficient to form a belief about their truth.

192.    The allegations of Paragraph 192 are denied for lack of knowledge or information sufficient to form a belief about their truth.

193.    The allegations of Paragraph 193 are denied for lack of knowledge or information sufficient to form a belief about their truth.

194.    The allegations of Paragraph 194 are denied for lack of knowledge or information sufficient to form a belief about their truth.

195.    The allegations of Paragraph 195 are denied for lack of knowledge or information sufficient to form a belief about their truth.

196.    The allegations of Paragraph 196 are denied for lack of knowledge or information sufficient to form a belief about their truth.

197.    The allegations of Paragraph 197 are denied for lack of knowledge or information sufficient to form a belief about their truth.

198.    The allegations of Paragraph 198 are denied for lack of knowledge or information sufficient to form a belief about their truth.

199.    It is admitted that in October 2017, a lawsuit was filed against Leon Cannizzaro, in his official capacity as Orleans Parish District Attorney, as well as other defendants, alleging that Orleans Parish prosecutors used "fake subpoenas" to elicit witness interviews. The allegations of Paragraph 199 are otherwise denied.

200.    It is admitted that the OPDA file contains a copy of a letter dated March 14, 1994, from Mr. Wolff to L.B. The allegations of Paragraph 200 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

201.    It is admitted that the letter referenced in Paragraph 200 includes the quoted language. The allegations of Paragraph 201 are otherwise denied.

202.    It is admitted that the letter referenced in Paragraph 200 includes the quoted language. The allegations of Paragraph 202 are otherwise denied.

203.    It is admitted that the image pasted below Paragraph 203 is an accurate copy of the attachment to the letter referenced in Paragraph 200. The allegations of Paragraph 203 are otherwise denied.

204.    It is admitted that the document referenced in Paragraph 203 is not a subpoena. The allegations of Paragraph 204 are otherwise denied.

205.    It is admitted that the document referenced in Paragraph 203 includes a header stating: "OFFICE OF DISTRICT ATTORNEY" and "**Criminal District Court for the Parish of Orleans**." It is further admitted that the document referenced in Paragraph was not issued by the Criminal District Court for the Parish of Orleans. The allegations of Paragraph 205 are otherwise denied.

206.    It is admitted that the document referenced in Paragraph 203 states: "YOU ARE HEREBY NOTIFIED to appear before the District Attorney in the Criminal District Court for the Parish of Orleans, on the 19th day of March in the year of our Lord, 1994, at 11:30 o'clock A.M., to testify to the truth according to your knowledge in such matters as may be required of you." The allegations of Paragraph 206 are otherwise denied.

207.    It is admitted that the document referenced in Paragraph 203 states: "On arriving at 619 S. White St. you will report to David Wolff," who is described as an "Assistant District Attorney." It is further admitted that the document referenced in Paragraph 203 describes 619 South White St. as the "Office" of "HARRY F. CONNICK, DISTRICT ATTORNEY." The allegations of Paragraph 207 are otherwise denied.

208.    The allegations of Paragraph 208 are denied.

209.    The allegations of Paragraph 209 are denied for lack of knowledge or information sufficient to form a belief about their truth.

210.    The allegations of Paragraph 210 are denied for lack of knowledge or information sufficient to form a belief about their truth.

211.    The allegations of Paragraph 211 are denied for lack of knowledge or information sufficient to form a belief about their truth.

212.    The allegations of Paragraph 212 are denied.

213.    The allegations of Paragraph 213 are denied for lack of knowledge or information sufficient to form a belief about their truth.

214.    The allegations of Paragraph 214 are denied for lack of knowledge or information sufficient to form a belief about their truth.

215.    The allegations of Paragraph 215 are denied for lack of knowledge or information sufficient to form a belief about their truth.

216.    The allegations of Paragraph 216 are denied for lack of knowledge or information sufficient to form a belief about their truth.

217.    The allegations of Paragraph 217 are denied for lack of knowledge or information sufficient to form a belief about their truth.

218.    The allegations of Paragraph 218 are denied for lack of knowledge or information sufficient to form a belief about their truth.

219.    The allegations of Paragraph 219 are denied for lack of knowledge or information sufficient to form a belief about their truth.

220.    The allegations of Paragraph 220 are denied for lack of knowledge or information sufficient to form a belief about their truth.

221.    The allegations of Paragraph 221 are denied for lack of knowledge or information sufficient to form a belief about their truth.

222.    The allegations of Paragraph 222 are denied for lack of knowledge or information sufficient to form a belief about their truth.

223.    The allegations of Paragraph 223 are denied for lack of knowledge or information sufficient to form a belief about their truth.

224.    The allegations of Paragraph 224 are denied for lack of knowledge or information sufficient to form a belief about their truth.

225.    The allegations of Paragraph 225 are denied for lack of knowledge or information sufficient to form a belief about their truth.

226.    The allegations of Paragraph 226 are denied for lack of knowledge or information sufficient to form a belief about their truth.

227.    The allegations of Paragraph 227 are denied for lack of knowledge or information sufficient to form a belief about their truth.

228.    The allegations of Paragraph 228 are denied for lack of knowledge or information sufficient to form a belief about their truth.

229.    The allegations of Paragraph 229 are denied for lack of knowledge or information sufficient to form a belief about their truth.

230.    The allegations of Paragraph 230 are denied for lack of knowledge or information sufficient to form a belief about their truth.

231.    The allegations of Paragraph 231 are denied for lack of knowledge or information sufficient to form a belief about their truth.

232.    The allegations of Paragraph 232 are denied for lack of knowledge or information sufficient to form a belief about their truth.

233.    The allegations of Paragraph 233 are denied for lack of knowledge or information sufficient to form a belief about their truth.

234.    The allegations of Paragraph 234 are denied for lack of knowledge or information sufficient to form a belief about their truth.

235.    The allegations of Paragraph 235 are denied for lack of knowledge or information sufficient to form a belief about their truth.

236.    The allegations of Paragraph 236 are denied for lack of knowledge or information sufficient to form a belief about their truth.

237.    The allegations of Paragraph 237 are admitted.

238.    It is admitted that the Civil Rights Division of the Orleans Parish District Attorney's Office, on behalf of the State, reviewed Mr. Brown's conviction, including speaking with L.B., with Mr. Brown's defense lawyer, and with a doctor. The allegations of Paragraph 238 are otherwise denied for lack of knowledge or information sufficient to form a belief about their truth.

239.    It is admitted that, at the May 8, 2023 hearing on Mr. Brown's application for post-conviction relief, counsel for the State remarked that "Mr. Brown was convicted based on the hearsay testimony of two people who interviewed [L.B.], and on medical evidence that was probative, but not conclusive." The allegations of Paragraph 239 are otherwise denied.

240.    It is admitted that the "State's Answer to Application for Post-Conviction Relief," filed in Mr. Brown's criminal case, states that he "was wrongly convicted." The allegations of Paragraph 240 are otherwise denied.

241.    It is admitted that the "State's Answer to Application for Post-Conviction Relief," filed in Mr. Brown's criminal case, states that he "is factually innocent of the crime for which he has spent over 29 years in prison." The allegations of Paragraph 241 are otherwise denied.

242.    It is admitted that, on May 8, 2023, the Orleans Parish Criminal District Court granted Mr. Brown's application for post-conviction relief. The allegations of Paragraph 242 are otherwise denied.

243.    The allegations of Paragraph 243 are admitted.

244.    The allegations of Paragraph 244 are denied for lack of knowledge or information sufficient to form a belief about their truth.

245.    The allegations of Paragraph 245 are admitted.

246.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

247.    The allegations of Paragraph 247 are denied because, in context, the word "responsible" is vague and ambiguous.

248.    The allegations of Paragraph 248 are denied.

249.    The allegations of Paragraph 249 are denied.

250.    The allegations of Paragraph 250 are denied.

251.    The allegations of Paragraph 251 are denied.

252.    The allegations of Paragraph 252 are denied.

253.    The allegations of Paragraph 253 are denied.

254.    The allegations of Paragraph 254 are denied.

255.    The allegations of Paragraph 255 are denied.

256.    The allegations of Paragraph 256 are denied.

257.    The allegations of Paragraph 257 are denied for lack of knowledge or information sufficient to form a belief about their truth.

258.    The allegations of Paragraph 258 are denied.

259.    The allegations of Paragraph 259 are denied.

260.    The allegations of Paragraph 260 are denied.

261.    The allegations of Paragraph 261 are admitted.

262.    The allegations of Paragraph 262 are admitted.

263.    It is admitted that the language quoted in Paragraph 263 is an excerpt of a ruling in another lawsuit (*Singleton v. Cannizzaro* EDLA Case No. 17-cv-10721) on the defendants' motion to dismiss under Rule 12(b)(6), which accepted the plaintiffs' allegations as true for purposes of the motion. The allegations of Paragraph 263 are otherwise denied.

264.    It is admitted that the language quoted in Paragraph 264 is an excerpt of a ruling in another lawsuit (*Singleton v. Cannizzaro* EDLA Case No. 17-cv-10721) on the defendants' motion to dismiss under Rule 12(b)(6), which accepted the plaintiffs' allegations as true for purposes of the motion. The allegations of Paragraph 264 are otherwise denied.

265.    It is admitted that the language quoted in Paragraph 265 is an altered excerpt of a ruling in another lawsuit (*Singleton v. Cannizzaro* EDLA Case No. 17-cv-10721) on the defendants' motion to dismiss under Rule 12(b)(6), which accepted the plaintiffs' allegations as true for purposes of the motion. The allegations of Paragraph 265 are otherwise denied.

266.    The allegations of Paragraph 266 are denied.

267.    The allegations of Paragraph 267 are denied.

268.    The allegations of Paragraph 268 are denied.

269.    The allegations of Paragraph 269 are denied for lack of knowledge or information sufficient to form a belief about their truth.

270.    The allegations of Paragraph 270 are denied for lack of knowledge or information sufficient to form a belief about their truth.

271.    The allegations of Paragraph 271 are denied for lack of knowledge or information sufficient to form a belief about their truth.

272.    The allegations of Paragraph 272 are denied for lack of knowledge or information sufficient to form a belief about their truth.

273.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

274.    It is admitted that Article I, section 2 of the Louisiana Constitution provides that "No person shall be deprived of life, liberty, or property, except by due process of law." It is further admitted that Article I, section 3 of the Louisiana Constitution provides that "No person shall be denied the equal protection of the laws." It is further admitted that Article I, section 5 of the Louisiana Constitution provides that "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." It is further admitted that Article I, section 12 of the Louisiana Constitution provides that "In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition." It is further admitted that Article I, section 20 of the Louisiana Constitution provides that "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." It is further admitted that

other rights are recognized by other provisions of the Louisiana Constitution. The allegations of Paragraph 274 are otherwise denied.

275.    The allegations of Paragraph 275 are denied.

276.    The allegations of Paragraph 276 are denied.

277.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

278.    The allegations of Paragraph 278 are denied.

279.    The allegations of Paragraph 279 are denied.

280.    The allegations of Paragraph 280 are denied for lack of knowledge or information sufficient to form a belief about their truth.

281.    The allegations of Paragraph 281 are denied.

282.    It is admitted that the language in Paragraph 282 is an excerpt of a ruling in another lawsuit (*Singleton v. Cannizzaro* EDLA Case No. 17-cv-10721) on the defendants' motion to dismiss under Rule 12(b)(6), which accepted the plaintiffs' allegations as true for purposes of the motion. The allegations of Paragraph 282 are otherwise denied.

283.    It is admitted that the language quoted in Paragraph 283 is an excerpt of a ruling in another lawsuit (*Singleton v. Cannizzaro* EDLA Case No. 17-cv-10721) on the defendants' motion to dismiss under Rule 12(b)(6), which accepted the plaintiffs' allegations as true for purposes of the motion. The allegations of Paragraph 283 are otherwise denied.

284.    The allegations of Paragraph 284 are denied.

285.    OPDA restates and incorporates its responses contained in all preceding paragraphs.

286.    The allegations of Paragraph 286 are denied for lack of knowledge or information sufficient to form a belief about their truth.

287.    The allegations of Paragraph 287 are denied for lack of knowledge or information sufficient to form a belief about their truth.

288.    The allegations of Paragraph 288 are denied.

289.    No response to Mr. Brown's demand for a jury trial is required.

290.    OPDA respectfully requests that judgment be entered in its favor, and against Mr. Brown, dismissing Mr. Brown's claims with prejudice at his sole cost and awarding OPDA all general and equitable relief appropriate under the law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Brown's constitutional rights because any such violation was not caused by a policy, practice, or custom of the Orleans Parish District Attorney's Office.

### Second Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Brown's constitutional rights because any such violation was not caused by a deliberately indifferent failure to train, supervise, or discipline employees of the Orleans Parish District Attorney's Office.

### Third Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Brown's constitutional rights because his office is an arm of the State of Louisiana, both in general and with respect to the specific activities of prosecuting crimes against the State of Louisiana, disclosure of evidence in connection with such prosecutions, and

creating policies with respect to disclosure of evidence (including policies regarding training, supervision, and discipline). Mr. Brown's claims are therefore barred by the Eleventh Amendment/sovereign immunity.

### Fourth Affirmative Defense

Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not liable for any alleged violation of Mr. Brown's constitutional rights because he and his employees act on behalf of the State of Louisiana (or, alternatively, on behalf of Orleans Parish) when prosecuting crimes against the State of Louisiana, making decision regarding disclosure of evidence in connection with such prosecutions, and creating policies with respect to disclosure of evidence (including policies regarding training, supervision, and discipline). Accordingly, the actions and policies alleged by Mr. Brown are attributable to the State of Louisiana or Orleans Parish, not the district attorney's office as an independent municipal entity.

### Fifth Affirmative Defense

Mr. Brown's alleged damages, if any, were caused, either in whole or in part, by his own fault and by the errors, acts, omissions, negligence, or fault of third parties for whom Mr. Williams, in his official capacity as Orleans Parish District Attorney, is not responsible. For example, Mr. Brown has previously argued that his trial counsel rendered constitutionally ineffective assistance that undermines confidence in the outcome of his trial.

### Sixth Affirmative Defense

On information and belief, Mr. Brown has failed to mitigate his alleged damages.

Respectfully submitted,

 */s/ Matthew J. Paul*
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
STANLEY REUTER ALFORD
  OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com

*Counsel for Jason R. Williams (in his
official capacity as Orleans Parish
District Attorney)*